# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 12-CR-00190-WY-2 |
| | : | |
| | : | |
| MATTHEW McMANUS, *et al.* | : | |

## RESPONSE OF DEFENDANT MATTHEW MCMANUS TO GOVERNMENT MOTION FOR PROTECTIVE ORDER

Defendant Matthew McManus, by his attorney Lisa A. Mathewson, hereby objects to portions of the government's proposed protective order, and proposes specific revisions to which the government consents.

1.      On June 13, 2012, the government filed a Motion for Protective Order addressing identifying any financial information relating to individuals whom the government believes are victims of the alleged scheme.

2.      Although Mr. McManus agrees in principle that the information in question merits protection, he objects to certain aspects of the government's proposed protective order.

3.      Defense counsel discussed these objections with counsel for the government, and proposed the following specific revisions to the terms of the proposed protective order, which the government set forth in paragraph 7 of its Motion:

    a.   paragraphs (b) and (c) shall be stricken; and

    b.   paragraph (d) shall be modified to read:

    Defense counsel shall not reproduce any portions of the discovery materials containing victim information, shall not permit other persons to copy portions of discovery containing victim information, and shall not disseminate victim information to any person, except that:

(1)  counsel may make any copies necessary for their work on the defense of this matter and may provide copies to his/her staff and to third parties, such as experts and investigators, as may be necessary for their work on the defense of this matter; and

 (2) counsel may reproduce or deliver discovery materials that may contain victim information for review by his/her respective client as necessary for the client to participate in the defense of this matter;

provided that, if counsel does either (1) or (2), counsel shall provide each recipient of discovery materials with a copy of this protective order, shall advise each recipient not to copy or further disseminate the discovery materials, shall advise each recipient not to use the discovery materials for any purpose other than the defense of this matter, and shall instruct each recipient to return to counsel all copies of the discovery as soon as reasonably practical.

4.      The upshot of the modifications is that the defendants may participate in the review of the voluminous discovery in this matter subject to the same terms as any other party participating in the defense of this matter.

5.      Counsel for the government, AUSA David Axelrod, has authorized the undersigned to state that he consents to these revisions.  Accordingly, Mr. McManus and the government now agree that paragraphs 7(a) – (e) of the government's Motion for Protective Order, modified as set forth in paragraph 3 of this Response, are acceptable terms for a protective order in this matter.[1]  The terms are, of course, subject to the Court's approval.

---

[1]      Because undersigned counsel is presently on vacation with limited access to telephone and electronic mail, she has been unable to poll counsel for the co-defendants for their views on these revisions, and thus cannot represent to the Court that all defendants concur.

6.      Because the government's Motion describes the "victim information" at issue, but the terms that the government proposed for the protective order itself (in paragraph 7(a) – (e) of the government's Motion) do not include a definition of that term, Mr. McManus further requests that the protective order define the term "victim information" to include "dates of birth, social security numbers, addresses, bank account numbers, and other related identifying and financial information for the alleged victims in this matter."

7.      Mr. McManus also objects to the language in paragraph 3 of the government's Motion for Protective Order that recites the government's allegations as though they were fact. The Court need not necessarily reach that objection, however, because the government does not propose that the factual recitation in that paragraph become part of the protective order itself. Insofar as the government intended its paragraph 3 simply to explain that the discovery may contain information worthy of the Court's protection, Mr. McManus does not contest that fact.

**WHEREFORE**, defendant Matthew McManus respectfully requests that the Court enter a protective order consistent with this Response.

Respectfully submitted,

/s/_____
Lisa A. Mathewson, Esquire
The Law Offices of Lisa A. Mathewson, LLC
123 South Broad Street, Suite 810
Philadelphia, PA 19109
(215) 399-9592 (phone)
(215) 600-2734 (fax)
lam@mathewson-law.com
Pennsylvania Bar No. 77137

Dated: June 20, 2012

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 20, 2012, I caused a true and correct copy of the foregoing

Response of Defendant Matthew McManus to Government Motion for Protective Order to be

served via the Court's electronic filing system upon the following:

AUSA David L. Axelrod
U.S. Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Counsel for the Government

Salvatore C. Adamo, Esquire
1434 Knox Avenue, Suite 300
Easton, PA 18040
Counsel for Frank Vogel

William T. Cannon, Esquire
William T. Cannon, P.C.
100 S. Broad Street, Suite 1910
Philadelphia, PA 19110
Counsel for Andrew Bogdanoff

Nialena Caravasos, Esquire
Law Office of Nialena Caravasos LLC
926 Public Ledger Building
620 Chestnut Street
Philadelphia, PA 19106
Counsel for Joel Nathanson

Michael J. Diamondstein, Esquire
2 Penn Center, Suite 900
Philadelphia, PA 19102
Counsel for Aaron Bogdanoff

Paul J. Hetznecker, Esquire
1420 Walnut Street, Suite 911
Philadelphia, PA 19102
Counsel for Shayne Fowler

/s/ _____
Lisa A. Mathewson, Esquire