IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 12-CR-00190-WY-2 |
| | : | |
| | : | |
| MATTHEW McMANUS, *et al.* | : | |

**RESPONSE OF DEFENDANT MATTHEW MCMANUS TO GOVERNMENT MOTION TO ADMIT RECORDINGS**

Defendant Matthew McManus, by his attorney Lisa A. Mathewson, hereby responds to the government's Motion to Admit Recordings. The Court has already ordered that an evidentiary hearing addressing the admissibility of the recordings will be held at the time of trial. Order of August 1, 2013 (Docket Entry No. 156). Mr. McManus is filing this Response solely to ensure that the record is clear that he objects to the admissibility of the proffered recordings, and will do on bases not limited to the "Starks" factors addressed in the government's Motion.

As the Court knows, the government must produce clear and convincing evidence of authenticity and accuracy as a foundation for admitting recordings. Starks v. United States, 515 F.2d 112, 121 (3d Cir. 1975). The third circuit detailed in Starks the facts that the government must show:

"(1) That the recording device was capable of taking the conversation now offered in evidence.

(2) That the operator of the device was competent to operate the device.

(3) That the recording is authentic and correct.

(4) That changes, additions or deletions have not been made in the recording.

(5) That the recording had been preserved in a manner that is shown to the court.

2

(6) That the speakers are identified. [and]

(7) That the conversation elicited was made voluntarily and in good faith, without any kind of inducement."

Id. at 121 n.11.

The government Motion asserts each of these facts,[1] plus the accuracy of the transcripts that it proposes to submit as an aid to the jury. Motion at 2. But its proposed order leaps from the alleged fulfillment of the Starks factors to the admissibility of the recordings – passing over the rules of evidence and the Sixth Amendment Confrontation Clause. The transcripts of the recordings demonstrate significant problems of relevance, hearsay, and confrontation rights, for example.

In accordance with the Court's Order, Mr. McManus will be prepared to address all of these issues at the hearing on the government's Motion, at the time of trial.

Respectfully submitted,

/s/
Lisa A. Mathewson, Esquire
The Law Offices of Lisa A. Mathewson, LLC
123 South Broad Street, Suite 810
Philadelphia, PA 19109
(215) 399-9592 (phone)
(215) 600-2734 (fax)
lam@mathewson-law.com
Pennsylvania Bar No. 77137

Dated: August 16, 2013

---

[1] As to the voluntariness of the conversation, the government notes that the proffered recordings were made consensually by a cooperating witness. Motion at 2.

# CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2013, I caused a true and correct copy of the foregoing Response of Defendant Matthew McManus to Government Motion to Admit Recordings to be served via the Court's electronic filing system upon the following:

AUSA David L. Axelrod
U.S. Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
*Counsel for the Government*

Salvatore C. Adamo, Esquire
1434 Knox Avenue, Suite 300
Easton, PA 18040
*Counsel for Frank Vogel*

William T. Cannon, Esquire
William T. Cannon, P.C.
100 S. Broad Street, Suite 1910
Philadelphia, PA 19110
*Counsel for Andrew Bogdanoff*

Nialena Caravasos, Esquire
Law Office of Nialena Caravasos LLC
926 Public Ledger Building
620 Chestnut Street
Philadelphia, PA 19106
*Counsel for Joel Nathanson*

J. Michael Farrell
718 Arch Street, Suite 402N
Philadelphia, PA 19106
*Counsel For Aaron Bogdanoff*

Paul J. Hetznecker, Esquire
1420 Walnut Street, Suite 911
Philadelphia, Pa 19102
*Counsel for Shayne Fowler*

/s/_____
Lisa A. Mathewson, Esquire