IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 12-CR-00190-WY-2 |
| | : | |
| | : | |
| MATTHEW McMANUS, *et al.* | : | |

**ORDER**

AND NOW, this ___ date of January, 2014, upon consideration of the Motion *in Limine* of Matthew McManus to Exclude Evidence of Alleged Post-Offense False Statements and any response thereto, it is hereby ordered that the Motion is GRANTED.

BY THE COURT:

_____
Yohn, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 12-CR-00190-WY-2 |
| | : | |
| | : | |
| MATTHEW McMANUS, *et al.* | : | |

**MOTION *IN LIMINE* OF MATTHEW McMANUS TO EXCLUDE EVIDENCE
OF ALLEGED POST-OFFENSE FALSE STATEMENTS**

The government's Trial Memorandum has alerted Mr. McManus to the government's intent to prove alleged post-offense false statements that are not intrinsic to the charged offense. The Court should exclude all evidence on this topic.

**I.      The Charged Offense and the Evidence At Issue**

Count Thirty-Three of the Indictment charges Mr. McManus with making a false statement to the Federal Bureau of Investigation, in violation of 18 U.S.C. § 1001. The government alleges that Mr. McManus told the FBI, falsely, in a July 26, 2011 interview that he was never an owner of Remington Financial Group ("RFG"). Indictment at p. 58.

The government now proposes to tell the jury that Mr. McManus made a similar false statement to a prospective employer, Marcus & Millichap, in September 2011. Trial Memorandum at 18. Its Trial Memorandum links the charged conduct with the uncharged with the heading "McManus Continued to Lie About his Involvement in Remington." Id. at 17-18. The government has identified as potential witnesses the Chief Legal Officer of Marcus & Millichap, Paul Mudrich; and Mr. McManus's civil counsel, Mark Haltzman, through whom Mr. McManus communicated the alleged statement. Id. at 20. It has also identified as government exhibits correspondence between Mr. Mudrich and Mr. Haltzman. E.g., Gov. Exhibit 2971 and 2972 (email chain of Sept. 19-20, 2011).

Because the proffered evidence would serve no permissible purpose, it must be excluded.

**II.     The Proffered Evidence Is Inadmissible.**

The government has not filed a motion to admit this evidence under Fed. R. Crim. P. 404(b), so it is admissible, if at all, only if intrinsic to the charged offense.

Evidence is intrinsic to the offense only if directly proves the charged offense, or proves conduct that facilitated the charged offense and occurred contemporaneously with it. United States v. Green, 617 F.3d 233, 249 (3d Cir. 2010). Even evidence that fits one of those narrow categories must be excluded if it proves nothing other than criminal propensity or fails a Rule 403 balancing test. Id. at 247-48.

As a matter of logic, the subsequent repetition of a false statement does not prove its falsity. Only the underlying facts can demonstrate that.[1] Moreover, whether the defendant possessed the requisite knowledge and intent when making a charged statement may be determined only by what was in his mind at the time. What he learned subsequently has no bearing. Whether a declarant makes a statement one time or hundred, the truth of the statement and the declarant's state of mind at its first iteration are unaffected by subsequent iterations. The Marcus & Millichap evidence does not directly prove the charged offense.

Even less so would the challenged evidence prove conduct that facilitated the offense, even if the challenged conduct had occurred contemporaneously with the offense (which it did not). The charged offense was already two months completed, in the government's view, at the time of the Marcus & Millichap communications. A subsequent lie does not facilitate an earlier

---

[1]     Indeed, the truth or falsity of a statement is completely independent of the defendant's state of mind. A defendant who states facts that are true while believing them to be false does not violate 18 U.S.C. § 1001. United States v. Castro, 704 F.3d 125, 140 (3d Cir. 2013).

2

one.  The government cannot justify admission of this evidence as "intrinsic" under either criterion.

Indeed the only value of the challenged evidence is the prohibited one:  to demonstrate propensity.  "Because Mr. McManus lied in September, he is more likely to have lied in July" must be the government's analysis.  And that analysis is impermissible.

Even if the government were able to overcome these hurdles, Rule 403 would still bar admission of the evidence.  This case is unlike United States v. Bergrin, 682 F.3d 261, 280 (3d Cir. 2012), for example, in which the subsequent conduct was "striking[ly]" similar in unique details – a defense attorney instructing a hit man to murder a key witness against his client – to the charged conduct.  At trial Mr. Bergrin asserted that he "would never say ["let's get rid of the informant"] to this type of individual [a hit man]." Id. at 271.  He also expressly denied in his opening statement having made the solicitation that was the subject of the 404(b) dispute.  Id. The court reasoned that the striking similarities between the incidents meant that the existence of the latter effectively rebutted the defense.  Id. at 280.

Here, in contrast, as explained above the subsequent incident makes no element of the charged offense more likely to be true.  Reiterating a statement does not change the underlying facts that determine its truth or falsity; and the repetition reveals nothing about whether the declarant believes the statement to be true or false.  Moreover, the statements in Bergrin were essentially the corpus of the charged crime, criminal solicitation.  Here the statements, even if made, were criminal only if the government proves other facts – no one of which is proven by the repetition of the statement.

The prejudice that the evidence will occasion is unfair because it is unconnected to the elements of the offense.  The government apparently perceives an ally in Marcus & Millichap:

3

another aggrieved party, standing with the FBI, accusing Mr. McManus of lying. But adding an accuser does not add proof; it adds unfair prejudice alone. The Marcus & Millichap evidence must be excluded.

Respectfully submitted,

/s/
Lisa A. Mathewson, Esquire
The Law Offices of Lisa A. Mathewson, LLC
123 South Broad Street, Suite 810
Philadelphia, PA 19109
(215) 399-9592 (phone)
(215) 600-2734 (fax)
lam@mathewson-law.com
Pennsylvania Bar No. 77137

January 14, 2014

# CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2014, I caused a true and correct copy of the foregoing Motion to be served via the court's electronic filing system upon the following:

AUSA David L. Axelrod
U.S. Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Counsel for the Government

/s/
Lisa A. Mathewson, Esquire