IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 12-190 |
| MATTHEW McMANUS | : | |

## ORDER

AND NOW, this ____ day of _____, 2014, upon consideration of the Defendant's Motion in Limine to Exclude Evidence of Alleged Post-Offense False Statements, and the briefs in support thereof and in opposition thereto, it is hereby ORDERED that:

(1) the defendant's motion is DENIED;

(2) the government may introduce statements defendant Matthew McManus, and his attorney, made in August and September 2011 concerning McManus's ownership in Remington Financial Group, as intrinsic evidence; and

(3) in the alternative, this same evidence is admissible under Rule 404(b) because it is not improper propensity evidence, is offered as proof of McManus's consciousness of guilt, as well as his intent, and the probative value of these statements is not outweighed by any undue or unfair prejudice.

BY THE COURT:

_____
HONORABLE WILLIAM H. YOHN, JR.
*Senior Judge, United States District Court*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 12-190 |
| MATTHEW McMANUS | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF FALSE STATEMENTS

The United States of America, by its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and David L. Axelrod, Assistant United States Attorney, respectfully submit this opposition to defendant Matthew McManus' motion in limine to exclude evidence of false statements, and ask that the Court deny the motion.

## I. BACKGROUND

In its trial memorandum filed January 7, 2014, the government informed McManus that it would introduce trial evidence that McManus lied to the FBI in March and July 2011, claiming that he had no ownership in Remington Financial Group, and then repeated these lies in August and September 2011 to a third party. Gov't Trial Mem. at 15-17; see also Govt. Ex. 2970, 2971, 2972, attached as Ex. A. McManus asks the Court to exclude evidence relating to the August and September 2011 lies on the grounds that it is not intrinsic or admissible under Rule 404(b) of the Federal Rules of Evidence.[1]

---

[1] The government did not file a motion in limine to admit this evidence because of its intrinsic nature. Despite defendant's contention, this does not preclude the Court from permitting the government to introduce this evidence as "intrinsic" or pursuant to Rule 404(b) of the Federal Rules of Evidence. Fed. R. Evid. 404(b)(2)(A).

## II. McMANUS'S MOTION IS BASELESS

McManus's position is not supported by logic or law. Evidence is "intrinsic" of the crimes charged, "if it 'directly proves' the charged offense." United States v. Green, 617 F.3d 233, 248 (3d Cir. 2010). To prove obstruction of justice, as charged in Count Thirty-Two, the government must prove that McManus committed the act – sent the March 18, 2011 email – that is alleged to be the obstructive conduct. The defendant and the jury may question whether the government introduced sufficient proof that McManus sent the email in question. That McManus conveyed the exact same information at a later date directly proves that McManus was indeed responsible for sending the March 18, 2011 email.

Similarly, to prove false statements, as charged in Count Thirty-Three, the government must prove that McManus made the statement ("never was an owner of Remington") on July 26, 2011 to the interviewing agents. Indictment, Count Thirty-Three. The defendant and the jury may question whether McManus actually made the statement or whether the FBI agents misheard him or misunderstood him. Again, that McManus conveyed the exact same information at a later date (a month later) directly proves that McManus made the statement charged in Count Thirty-Three.

In addition to directly proving the necessary elements of obstruction of justice and false statements, McManus' continued and persistent attempt to distance himself from Remington by lying about his ownership demonstrates his consciousness of guilt for the entire scheme and all the charges in the indictment. Other Courts of Appeals treat consciousness of guilt evidence as intrinsic to the crimes charged. United States v. Simmons, 470 F.3d 1115, 1124–25 (5th Cir. 2006) (holding that defendant's false statement was admissible as intrinsic

evidence to show his consciousness of guilt and that he had lied in order to fabricate an alibi); United States v. Frost, 234 F.3d 1023, 1025 (8th Cir.2000) (stating that defendant's false testimony in a deposition was evidence of his consciousness of guilt and was "intrinsic to the overall scheme"). The Third Circuit has previously held that evidence of consciousness of guilt is admissible under Rule 404(b). United States v. Kemp, 500 F.3d 257, 298 n.23 (3d Cir. 2007). However, the government could find no case with the facts present here -- where the government seeks to admit evidence that the defendant told the exact same lie as a lie he is charged with making in the indictment.

In the alternative, McManus's uncharged lies that he was not a Remington owner are certainly admissible pursuant to Rule 404(b). First, these lies are relevant to prove that he made the exact same statements as charged in the indictment, and they are relevant as consciousness of guilt. Kemp 500 F.3d at 296-97. The fact that he made these false statements again, in another context, minimizes the possibility that defendant lacked the requisite intent when he made them as charged in Counts Thirty-Two and Thirty-Three. Second, there is no danger of unfair prejudice that need be considered.[2] "[T]he prejudice against which [Rule 403] guards is unfair prejudice -- prejudice of the sort which clouds impartial scrutiny and reasoned evaluation of the facts, which inhibits neutral application of principles of law to the facts as found.'" United States v. Starnes, 583 F.3d 196, 215 (3d Cir. 2009) (quoting Goodman v. Pa. Tpk. Comm'n, 293 F.3d 655, 670 (3d Cir. 2002) (emphasis in original)). "Virtually all evidence is prejudicial or it is not material." Carter v. Hewitt, 617 F.2d 961, 972 n.14 (3d Cir. 1980) (quoting Dollar v. Long Manufacturing Co., 561 F.2d 613, 618 (5th Cir. 1977)). Third, if the

---

[2] Indeed McManus only alleges, "[t]he prejudice that the evidence will occasion is unfair because it is unconnected to the elements of the offense." Mot. at 3. This illogical argument misses the mark for the reasons explained above.

3

Court concludes that this evidence should be admitted under Rule 404(b), the Court should give the jury a limiting instruction about this evidence.

### III. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny defendant's motion in limine and permit the government to admit evidence that in August and September 2011, McManus made false statements about his involvement and ownership in Remington as intrinsic evidence of the crimes charged, or in the alternative under Rule 404(b) of the Federal Rules of Evidence.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

_____
DAVID L. AXELROD
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion and memorandum has been served by me, this date, by mail and via the Court's electronic filing system:

        Lisa A. Mathewson, Esq.
      The Offices of Lisa A. Mathewson LLC
       123 South Broad Street, Suite 810
         Philadelphia, PA 19109

              DAVID L. AXELROD
            Assistant United States Attorney

DATED: 1/17/14

# Exhibit A

# Marcus & Millichap

*Employment Application – Please print*

Date: 8/23/11

Name: McManus   Matthew   E
     Last     First     Middle

Address: ___

Telephone Number: ___

Position Desired: Inland ~~NOOR~~

Desired Salary: ___

Type of Employment: ☒ Regular Full-time    ☐ Regular Part-time    ☐ Temporary

When would you be available to start work? ASAP

Would you be available to work overtime, if necessary? ☒ Yes ☐ No

## PERSONAL INFORMATION

Have you ever applied to or worked for Marcus & Millichap or any of its related companies, i.e., Essex Property Trust, SummerHill Homes? ☐ Yes ☒ No    If yes, when? ___

Do you have friends or relatives working for Marcus & Millichap, or any of its related companies? ☒ Yes ☐ No

If yes, state name(s) and relationship: Spencer Yablon - friend

If hired, would you have a reliable means of transportation to and from work? ☒ Yes ☐ No

Are you at least 18 years of age? ☒ Yes ☐ No

Are you legally able to work in the United States? ☒ Yes ☐ No

How were you referred to Marcus & Millichap? Spencer Yablon

Are you currently employed? ☒ Yes ☐ No    If yes, may we contact your current employer? ☒ Yes ☐ No

Have you ever been convicted of a criminal offense? ☐ Yes ☒ No

If yes, state the nature of the crime(s), when and where convicted and disposition of the case. ___

(Note: No applicant will be denied employment solely on the grounds of conviction of a criminal offense. The nature of the offense, the date of the offense, the surrounding circumstances and the relevance of the offense to the position applied for may be considered.)

## EDUCATION, TRAINING AND EXPERIENCE

| School | Name City, State | # of Years Completed | Did you Graduate | Degree |
|---|---|---|---|---|
| High School | Xavier, Middletown, CT | 4 | ☒ Yes ☐ No | |
| College/University | ST LAWRENCE Univ. Canton, NY | 4 | ☒ Yes ☐ No | B of A - Sociology |
| Vocational/Business | | | ☐ Yes ☐ No | |

GOVERNMENT EXHIBIT 2970

MM-000245

## EDUCATION, TRAINING AND EXPERIENCE (continued)

Do you have any other experience, training, qualifications or skills that you feel make you especially suited for work at Marcus & Millichap? If so, please explain below:

_____
_____
_____

## EMPLOYMENT HISTORY

List below all present and past employment starting with your most recent employer (last 10 years is sufficient). Account for all periods of unemployment of one month or more. Attach additional pages if necessary. You must complete this section even if attaching a resume.

Employment Dates: From: _March 93_ To _Current_

Name of Employer: _Self / Bluestone_  Type of Business: _Real Estate Finance_

Address: _____

Telephone Number: _____  Supervisor's Name: _____

Beginning Salary: _____ per: _____  Final Salary: _____ per _____
_Commission only_

Your Position and Duties: _President_

Reason for Leaving: _Joining Marcus + Millichap_

_____

Employment Dates: From: _____ To _____

Name of Employer: _____  Type of Business: _____

Address: _____

Telephone Number: _____  Supervisor's Name: _____

Beginning Salary: _____ per: _____  Final Salary: _____ per: _____

Your Position and Duties: _____

Reason for Leaving: _____

MM-000246

## EMPLOYMENT HISTORY (continued)

Employment Dates: From: _____ To _____
Name of Employer: _____ Type of Business: _____
Address: _____
Telephone Number: _____ Supervisor's Name: _____
Beginning Salary: _____ per: _____ Final Salary: _____ per: _____
Your Position and Duties: _____
Reason for Leaving: _____

Employment Dates: From: _____ To: _____
Name of Employer: _____ Type of Business: _____
Address: _____
Telephone Number: _____ Supervisor's Name: _____
Beginning Salary: _____ per: _____ Final Salary: _____ per: _____
Your Position and Duties: _____
Reason for Leaving: _____

## REFERENCES

List below three persons other than former employers or relatives who have known you for at least two years:

Name: Randy Anderson   Occupation: Real Estate Financier
Address:
Telephone #:   Number of Years Acquainted: 6
Relationship to you: Client / Co-worker

MM-000247

## REFERENCES (continued)

Name: Bart Blatstein  Occupation: Real Estate Developer
Address: —
Telephone #: _____  Number of Years Acquainted: 10
Relationship to you: client

Name: Leo Addimando  Occupation: Real Estate Developer
Address: —
Telephone #: _____  Number of Years Acquainted: 5
Relationship to you: client

## APPLICANT'S STATEMENT

I have answered all questions to the best of my ability. If employed, I realize that any false information, willful omission or misrepresentation will be grounds for dismissal. I authorize any necessary inquiries as to my character, reputation, and ability, and release those supplying any information from all liability.

I understand that any employment with Marcus & Millichap is at will. That is, I understand that my employment and compensation can be terminated with or without cause, and with or without notice, at any time, at the option of either the Company or myself. I understand that no recruiter or other Company representative, other than the President or Chief Operating Officer of the Company has the authority to enter into any agreement or contract for employment for any specified period of time, or to make any agreement that contradicts the above.

_M. McT_____    _8/23/11_____
Applicant's Signature          Date

## INTERVIEWER'S ACKNOWLEDGEMENT

The above applicant has assured me that he/she has read the above conditions of employment, has full knowledge thereof, and has set forth his/her signature in agreement therewith.

_____    _____
Interviewer's Signature         Date

MM-000248

**Walsh, Shelly**

**From:** Matthew McManus <mmcmanus@bluestonecap.com>
**Sent:** Monday, September 19, 2011 1:46 PM
**To:** Yablon, Spencer; Hughes, William (MMCC)
**Subject:** FW: Matthew McManus/Bluestone Real Estate Capital

See below.

Matthew McManus
215-880-4303 Cell

**From:** Mark Haltzman [mailto:MHaltzman@sanddlawyers.com]
**Sent:** Monday, September 19, 2011 2:05 PM
**To:** 'pmudrich@marcusmillichap.com'
**Cc:** 'mmcmanus@bluestonecap.com'
**Subject:** Matthew McManus/Bluestone Real Estate Capital

Paul, I wanted to follow up on our telephone conversation on Friday. You indicated during our telephone call that there were documents filed in Arizona which indicate that Matthew was a shareholder and/or officer and/or director of Remington Financial Group. This morning I was able to locate, on-line, the documents to which you were referring. I spoke with Matthew McManus about those records and he indicated to me that at no time, to his knowledge, was he ever shareholder/officer/director of Remington. The Arizona records available on-line where apparently filed by Mr. Bogdanoff and signed by Mr. Bogdanoff. There is no indication that Mr. McManus even knew of those filings prior to you discovering them. Further, the Corporate Records of Remington show that the Corporation has only had one shareholder since its inception in 1993. That Shareholder was Andrew Bogdanoff. In fact, in 2009, Mr. Bogdanoff signed an Affidavit of Lost Stock Certificate. In that Affidavit, Mr. Bogdanoff states that "stock certificate No 1, <u>representing all of the issued and outstanding shares of the stock of the Corporation, was issued to [Bogdanoff]</u>. Based on this Affidavit, Stock Certificate No. 2 was issued to Andrew Bogdanoff for 500 shares. No other Stock Certificates were, to my knowledge, ever issued to anyone else.

I hope the above his helpful. Please let me know if you have any further questions or concerns.

Mark

Mark S. Haltzman, Esquire
Silverang & Donohoe LLC

MHaltzman@sanddlawyers.com

Disclaimer Required by IRS Rules of Practice:
Any discussion of tax matters contained herein is not intended or written to be used, and cannot be used, for the purpose of avoiding any penalties that may be imposed under Federal tax laws.

1



GOVERNMENT EXHIBIT 2971

MM-000337

**NOTICE:**
This e-mail contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the Individual(s) named above. Unless you are the intended addressee (or authorized to receive for the intended addressee) you may not use, copy or disclose to anyone this message or any information contained in this message. You are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this message in error, please notify us immediately by replying directly to the sender of this email; or under separate email cover directly to . You may also notify us by telephone at (610) 481-4468. Please delete this message and all attachments, if any, immediately. Thank you very much.

MM-000338

Walsh, Shelly





---

**From:** Mudrich, Paul
**Sent:** Tuesday, September 20, 2011 6:09 AM
**To:** 'Mark Haltzman'
**Cc:** Thornton, John; Duong, Brian
**Subject:** RE: Matthew McManus/Bluestone Real Estate Capital
**Importance:** High

Thank you Mark for the responses.

A couple of your responses raise additional questions:

Question # 1. Your response says that you were not aware that Matt was ever "formally elected as an officer." The question was broader than your answer - the question is whether you were ever aware that Matt was *designated* as an officer for Remington. Please clarify.

Question # 4. I assume that your answer includes Matt's knowledge - does it? Matt has represented to M&M that he was only an independent contractor sales agent with Remington for about 16 years. Are you and Matt saying that Matt never had any sort of fee sharing, association, sales agent, or independent contractor written agreement with Remington?

Question # 5. Did Andy Bogdanoff authorize Matt to refer to himself as "Chairman" or "President" for such "PR purposes"?

Could you, Matt, or Matt's criminal counsel ("Lisa"), please email to me today copies of any statements, letters, declarations, or affidavits that Matt has supplied to the FBI?

Thank you.

---

**From:** Mudrich, Paul [mailto:Paul.Mudrich@marcusmillichap.com]
**Sent:** Monday, September 19, 2011 7:33 PM
**To:** Mark Haltzman
**Cc:** Duong, Brian
**Subject:** RE: Matthew McManus/Bluestone Real Estate Capital
**Importance:** High

Mark,

1

GOVERNMENT EXHIBIT 2972

MM-000343

Thank you for the follow up.

Yes, we do have some additional questions:

1. You mentioned during our call last Friday that you were involved to some extent as Remington's counsel. If so, were you aware, at any time, of the fact that Matt was designated by Remington as an officer of the firm? I was not aware of Matt ever being formally elected as a corporate officer.

2. Did Matt attend or report out at any Remington board meetings? I was not aware of Remington ever holding Board Meetings.

3. Who kept the minutes for Remington's board meetings? Do you or Matt have copies? See Above.

4. What contracts exist and/or existed between Remington and Matt? None that I am aware of.

5. While it is plausible that Matt had no knowledge that Andy Bogdanoff had filed corporate papers with the State of Pennsylvania naming Matt as a Remington officer and Director each year for over 16 years, the same information appears at a number of business information web sites. For example, the following information is found on the "iLocalFinancial.net" web site (emphasis added in red):

## "Remington Financial Group Inc

They are located in Philadelphia and listed in the category <u>Financial Advisory Services</u>. * * *
The owner or manager is Matthew Mcmanus and the employee range of this financial business is between 1 to 4 persons."

The following information is found at the "BizFind.USA" web site:

Remington Financial Group Inc

Sales: 1,660,000
President: Matthew Mcmanus
   The following information is found at the "Spoke" web site:

## Matthew Mcmanus

## Title and Company:

Chairman at <u>Remington Financial Group Inc</u>

Is it Matt's position that he was also ignorant of these several or more business web sites that have for years identified him as an officer for Remington? No. Matt's position is that any title used by Matt was for PR

2

MM-000344

purposes and never reflected an actual election by the Board of Remington of Matt to such official corporate position. In fact, the Arizona filings never identify Matt as President, only as having the corporate title as Treasurer. However, Matt's position is that he was, in fact, never a formal elected corporate officer of Remington in any capacity.

6. Matt is quoted as follows in a 2006 web article at "The Free Library" entitled "Remington Financial Group Gets $60,800,000 Permanent Financing Secured for Student Housing Complex":

"The success of The Edge at Avenue North now serves as a flagship example of privately developed student housing in strategic alliance with the university in which they serve" said Remington Financial Group's president, Matthew McManus."

Why did Matt identify himself to the reporter as Remington's "President"? See answer to 5 Above.

7. There are many more web site examples. The most troubling is a Texas Court of Appeals opinion wherein the Court describes Defendant Matthew McManus as follows:

"Karna next paid a loan broker company, Kilpatrick & Hart, to arrange a loan with appellee Remington Financial Group, Inc. Remington's owner is appellee Matthew McManus." (Showbiz Multimedia, LLC; Showbiz Multimedia Entertainment, LLC; and Vinay Karna v. Mountain States Mortgage Company; Remington Financial Group, Inc.; and Matthew McManus, Appeal from 387th District Court of Fort Bend County, Tex.App.- Houston [1st Dist.] Oct. 8, 2009, 01-07-00810-CV)

Matt was a named Defendant in the Texas trial and appeal. Courts of Appeal rarely make such owner/officer mistakes in their opinions. Can you explain why the Texas Court of Appeal identifies Matt as an owner of Remington in the Court's opinion? I have not seen the the pleading filed so I do not know why Matt is identified as the owner by the Opinion. Matt has explained to me that he did appear as Remington's representative at trial as he was the one most with the deal involved in the litigation.

Thank you.

---

**From:** Mark Haltzman [mailto:MHaltzman@sanddlawyers.com]
**Sent:** Monday, September 19, 2011 11:05 AM
**To:** Mudrich, Paul
**Cc:** 'mmcmanus@bluestonecap.com'
**Subject:** Matthew McManus/Bluestone Real Estate Capital

Paul, I wanted to follow up on our telephone conversation on Friday. You indicated during our telephone call that there were documents filed in Arizona which indicate that Matthew was a shareholder and/or officer and/or director of Remington Financial Group. This morning I was able to locate, on-line, the documents to which you were referring. I spoke with Matthew McManus about those records and he indicated to me that at no time, to his knowledge, was he ever shareholder/officer/director of Remington. The Arizona records available on-line where apparently filed by Mr. Bogdanoff and signed by Mr. Bogdanoff. There is no indication that Mr. McManus even knew of those filings prior to you discovering them. Further, the Corporate Records of Remington show that the Corporation has only had one shareholder since its inception in 1993. That Shareholder was Andrew Bogdanoff. In fact, in 2009, Mr. Bogdanoff signed an Affidavit of Lost Stock Certificate. In that Affidavit, Mr. Bogdanoff states that "stock certificate No 1, representing all of the issued and outstanding shares of the stock of the Corporation, was issued to [Bogdanoff]. Based on this Affidavit, Stock Certificate No. 2 was issued to Andrew Bogdanoff for 500 shares. No other Stock Certificates were, to my knowledge, ever issued to anyone else.

3

MM-000345

I hope the above his helpful. Please let me know if you have any further questions or concerns.

Mark

Mark S. Haltzman, Esquire
Silverang & Donohoe LLC

MHaltzman@sanddlawyers.com

Disclaimer Required by IRS Rules of Practice:
Any discussion of tax matters contained herein is not intended or written to be used, and cannot be used, for the purpose of avoiding any penalties that may be imposed under Federal tax laws.

NOTICE:
This e-mail contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the individual(s) named above. Unless you are the intended addressee (or authorized to receive for the intended addressee) you may not use, copy or disclose to anyone this message or any information contained in this message. You are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this message in error, please notify us immediately by replying directly to the sender of this email or under separate email cover directly to . You may also notify us by telephone at (610) 491-4488. Please delete this message and all attachments, if any, immediately. Thank you very much.

MM-000346